The judgment and order should be affirmed, with costs.

All concurred, except McLENNAN, P. J., and WILLIAMS, J., who dissented upon the ground that at the time of the accident the plaintiff was engaged in changing the scaffold and was not using the scaffold as such.

Judgment and order affirmed with costs.

---

In the Matter of the Application of CORA M. BAYNES, Appellant, for the Appointment of Commissioners to Ascertain the Compensation to Be Awarded the Owner of Certain Lands Situate in the Town of Eden, County of Erie and State of New York, Respondent, and Adjacent to the Highway Known as the Hamburg and North Collins Road as Damages to Said Lands Resulting from the Repairing and Grading of Said Highway.

Fourth Department, November 15, 1910.

Highways — change of grade — damages to abutting owners — right to compensation wholly statutory — improvements under Good Roads Law — pleading — petition for appointment of damage commissioners.

At common law a town is not liable to an abutting owner for a change in the grade of a highway. Such liability exists only by virtue of statute.

Section 11a of the Highway Law, entitling abutting owners to damages resulting from a change of grade made by the authorities of a town in accordance with the General County Law, has no application to highways constructed by the

State under the, so-called Good Roads Law, the expense of which is borne jointly by the town, county and State.

One owning lands abutting on a highway improved by the State under the Good Roads Law is not entitled to compensation for change of grade, although the town board petitioned for the improvement, as that fact does not make the improvement one made by the town.

To confer jurisdiction to have damages caused to an abutting owner by a change of highway grade determined, the petition must contain allegations bringing the application within the provisions of the statute authorizing such damage.

APPEAL by the petitioner, Cora M. Baynes, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 12th day of July, 1910, dismissing the petition herein.

*Edward C. Randall* and *William G. Crosby*, for the appellant.

*W. H. Ticknor*, for the respondent.

Order affirmed, with costs, on the opinion of LAMBERT, **J.**, delivered at Special Term.   All concurred.

The following is the opinion delivered at Special Term:

LAMBERT, J.:

This is an application under the Highway Law, as amended by, chapter 530 of the Laws of 1906,* for the appointment of commissioners to determine damages to which the petitioner claims she is entitled by reason of the change of grade of the highway, known as the White's Corners plank road in the town of Eden, in front of the premises of the petitioner.

Chapter 530 of the Laws of 1906 provides as follows:

"§ 11a. Damages for change of grade.— In any town in which a highway hereafter shall be repaired, graded and macadamized from curb to curb *by the authorities of the town in accordance with the provisions of section sixty-nine of chapter six hundred and eighty-six of the laws of eighteen hundred and ninety-two*, the owner or owners of the land adjacent to the said highway shall be

---

* See Laws of 1890, chap. 568, § 11a, added by Laws of 1903, chap. 610, as amd. by Laws of 1906, chap. 530.   For present statute see Laws of 1908, chap. 330, § 59; Highway Law (Consol. Laws, chap. 25; Laws of 1909, chap. 30), § 59.— [REP.

entitled to recover from the town the damages resulting from any change of grade."

Chapter 686 of the Laws of 1892, referred to in the statute above quoted, is the general County Law. Section 69 thereof, as amended by chapter 163 of the Laws of 1894, provides as follows :

"§ 69. [Authorize towns to borrow money.] — The board [of supervisors] may, upon the application of any town or towns liable to taxation for constructing, building or repairing any highway or bridge therein or upon its border, *pursuant to a majority vote of the electors of such town or towns,* at an annual town meeting or special town meeting called for that purpose upon the written request of the commissioners of highways and town board of such town or towns, authorize such town or towns to construct, build or repair such highway or bridge and to borrow such sums of money for and on the credit of the town or towns as may be necessary for that purpose.   *   *   *"

The petition shows that the town board of the town of Eden, in the year 1902, presented to the board of supervisors of Erie county a resolution petitioning the board to designate and improve the White's Corners plank road under the provisions of chapter 115 of the Laws of 1898 and that thereafter and in December, 1902, the board passed a resolution as follows :

"*Resolved,* that public interest demands the improvements *under the provisions of Chapter* 115 *of the Laws of* 1898 of that section of public highway situate in the County of Erie and described as follows :

"White's Corners road in the towns of Hamburg and Eden from the west corporate line of the Village of Hamburg to north line of the town of North Collins, being a distance of about eight (8) miles.

"The above description does not include any portion of a highway within the boundaries of any city or incorporated village.

"*Resolved,* that the Clerk of this Board is hereby directed to forthwith transmit a certified copy of the foregoing resolution to the State Engineer and Surveyor."

The petition further shows that a copy of the resolution, duly certified, was transmitted to the State Engineer and Surveyor, who thereafter certified his approval thereof, and caused maps, plans and

specifications to be prepared, and estimates to be made and transmitted the same to the board of supervisors of Erie county, duly certified and approved by him as required by law; that the board of supervisors thereafter adopted a resolution directing that the highway be constructed and that thereafter the State Engineer advertised for bids as provided by law, and in the year 1906 contracted for the construction of the highway, which was constructed in the year 1908.

It is to be observed, as appears by the petition, that the highway in question was made and constructed in pursuance of chapter 115 of the Laws of 1898, known as the "Good Roads Law," and not in pursuance of section 69 of the County Law hereinbefore quoted. Under the "Good Roads Law" the expense of the improvement was borne jointly by the town, county and State. The road was constructed in pursuance of the resolution of the board of supervisors by the State, and in no sense can it be said to have been repaired, graded and macadamized "by the authorities of the town in accordance with the provisions of section sixty-nine of chapter six hundred and eighty-six of the laws of eighteen hundred and ninety-two."

It is well settled that a town is not liable at common law to an abutting owner for a change of grade of a highway, and is only made liable by virtue of some provision of statute. The statute invoked by the petitioner, viz., section 11a of the Highway Law, as thereafter amended finally by chapter 530 of the Laws of 1906, specifically refers to the improvement of the highway by the authorities of a town in accordance with the provisions of section 69 of chapter 686 of the Laws of 1892, and does not seem to apply to a highway constructed by the State, the expense of which is borne jointly by the town, county and the State.

The fact that the town board of the town of Eden petitioned the proper authorities, by resolution or otherwise, to set in motion the machinery for the improvement of the highway in question under the Good Roads Law does not in any legal sense make this an improvement of the highway by the town, as by section 69 of chapter 686 of the Laws of 1892 provided. The statement in the petition that the highway was "repaired, graded and macadamized from curb to curb by the authorities of the Town," is the statement

of a conclusion and is controverted by the allegations of fact therein contained, viz., that the road was constructed in accordance with the provisions of chapter 115 of the Laws of 1898, known as the " Good Roads Law." The petition does not show any compliance whatever with section 69 of the County Law. It does not show that the improvement was made upon the application of the commissioner of highways and town board pursuant to a majority vote of the electors of the town, nor that the town was ever authorized to construct, build or repair the highway provided by that statute.

The statement in the opinion in *Smith* v. *B. & A. R. R. Co.* (99 App. Div. 94, 97), in speaking of section 11a, that " the statute apparently refers to those highways upon which the State roads are being built, in which case while the town is made liable for the change of grade to the detriment of the landowner, against such liability may be offset the benefit which he receives by reason of the improved highway," does not seem to be well founded, in view of the construction of the statute here made. To confer jurisdiction to have damages suffered by an abutting landowner determined the petition must contain allegations bringing the application within the provisions of the statute authorizing the same. In this respect there is a failure of material allegations of fact, as before pointed out. It does not show that the improvement in question giving rise to the damages alleged was made upon the application of the commissioners of highways pursuant to a majority vote of the electors of the town, and the application for the appointment of commissioners is, therefore, denied, with ten dollars costs.